UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NORIS MELENDEZ, on behalf of herself and
all other persons similarly situated,

                                Plaintiff,

  -against-                                    **COMPLAINT**

JAZEERA RESTAURANT INC., and            *Collective Action*
"JOHN DOE",

                                Defendants.
------------------------------------------------------------------------X

       Plaintiff, NORIS MELENDEZ ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, JAZEERA RESTAURANT INC., ("Jazeera") and JOHN DOE ("DOE," together with Jazeera, as "Defendants"), alleges as follows:

## NATURE OF THE ACTION

       1.       Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), as well as for failure to pay minimum wages under the NYLL and 12 N.Y.C.R.R. § 146-1.2, failure to pay spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, failure to furnish accurate wage statements for each pay period under NYLL § 195(3), failure to provide a wage notice upon her hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

       2.       Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other similarly situated persons during the applicable FLSA limitations period who suffered

damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

6. At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

7. Plaintiff's duties included clearing dishes in the dining area, washing dishes, cleaning the kitchen and bathroom, as well as preparing and cooking food. In performing her duties, Plaintiff handled or worked with various goods including, but not limited to, cleaning solvents, mops, brooms, food products, lamb, pork, beef, poultry, fish, produce, vegetables, fruits, grains, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

8. Defendant Jazeera was and still is a domestic corporation that operates a restaurant located at 37 West John Street, Hicksville, New York 11801.

9. At all times relevant, Defendant is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had

employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

10. At all times relevant, Defendant Jazeera has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

11. Defendant Jazeera requires use of a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

12. At all times relevant, Defendant Jazeera was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

13. Defendant Doe is an owner and/or officer of Jazeera has authority to make payroll and personnel decisions for Jazeera, and is active in the day-to-day management of Jazeera, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

14. At all times relevant, Defendants have been, and continue to be, "employers" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. § 203. At all times relevant, Defendants have been, and continue to be, "employers" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

## STATEMENT OF FACTS

15. Plaintiff was employed by Defendants as a cook from on or about February 15, 2023, to on or about June 6, 2023. Plaintiff performed non-exempt duties for the Defendants including washing dishes, cleaning the kitchen and bathroom, as well as preparing and cooking food.

16. Throughout her employment with Defendants, Plaintiff was required to work, and did in fact work, six days per week, from 9:00 a.m. until 11:00 p.m. or 12:30 a.m. the next day. Thus, Plaintiff regularly worked approximately eighty-seven hours per week, and thus, regularly worked in excess of forty hours per week.

17. Throughout her employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times her regular rate of pay, or one and one-half the minimum wage rate, whichever is greater, for hours worked in excess of forty hours in violation of the FLSA and NYLL.

18. In exchange for her work, Defendants compensated Plaintiff a weekly salary of $800 for all hours worked, including those hours worked in excess of forty. Thus, throughout her employment, Defendants failed to compensate Plaintiff at least at the minimum wage rate for each hour worked, in violation of the NYLL.

19. Throughout her employment with Defendants, Plaintiff often worked more than ten hours in a single day.

20. Defendants failed to pay Plaintiff spread-of-hours pay for each day in which her spread of hours exceeded 10 hours.

21. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by Plaintiff and the Collective Action Plaintiffs daily and weekly.

22. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

23. Defendants failed to provide Plaintiff upon hire written notice in her native language of her rate of pay and other information required by NYLL § 195(1) of the New York State Labor Law.

24. Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing the correct number of regular hours worked and the correct number of overtime hours worked in violation of NYLL § 195(3).

25. By failing to properly detail Plaintiff's hourly rate upon her hire, as well as her actual hours worked each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that she had been underpaid throughout her employment.

26. Plaintiff worked without the information requested by NYLL § 195(1)(3), Plaintiff was unable to determine the precise amount of wages she was entitled to receive and that she had been underpaid nearly every week.

27. Defendants treated and paid Plaintiff and the putative collective action members in the same or similar manner and subjected them to the same corporate-wide payroll practices.

## COLLECTIVE ACTION ALLEGATIONS

28. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

29. Plaintiff also brings FLSA claims on behalf of herself and all non-exempt hourly-paid employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes,

5

unloading trucks, cleaning and/or maintaining the premises, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

30. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as her own interest in bringing this action.

31. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

32. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked

6

in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

35. Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

36. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times her regular rate in violation of New York Labor Law.

38. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

39. Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW – MINIMUM WAGES

40. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

41. Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, willfully failed to pay Plaintiff, Defendants employed Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, the applicable minimum wage rates for all hours worked, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

42. Defendants' violations of the New York Labor Law have been willful and intentional.

43. Due to Defendants' violations of the New York Labor Law, Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants willfully failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

46. Plaintiff is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

47. Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

8

48. Defendants failed to provide Plaintiffs upon hire with written of their rate of pay and other information required by New York Labor Law § 195(1).

49. Plaintiff is entitled to recover statutory damages from Defendants pursuant to New York Labor Law § 198.

### SIXTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE STATEMENTS

50. Plaintiff alleges and incorporate by reference all allegations in all preceding paragraphs.

51. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

52. Plaintiff is entitled to recover statutory damages from Defendants pursuant to New York Labor Law § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law § 198, liquidated damages and pre- and post-Judgment interest;

(iii) Certification of this case as a collective action under 29 U.S.C. § 216(b);

    (iv)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

    (v)    All attorneys' fees and costs incurred in prosecuting these claims; and

    (vi)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
July 27, 2023

                        LAW OFFICE OF PETER A. ROMERO PLLC

                        */s/ Matthew J. Farnworth*

By:    _____
                        Matthew J. Farnworth, Esq.
                        Peter A. Romero, Esq.
                        490 Wheeler Road, Suite 250
                        Hauppauge, New York 11788
                        Tel. (631) 257-5588
                        mfarnworth@romerolawny.com
                        *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Jazeera, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. [This has been read to me in Spanish].

_N-d-m_                   _6/29/23_
Noris Melendez                Date